Crizaldy Punzalan **CALIMLIM;** Maria Teresa Duenas Calimlim; Kriz Nathalia Duenas Calimlim, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.*

No. 02–72214.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Feb. 26, 2004.

---

* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Johnson P. Lazaro, Esq., San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel Office of the District Counsel Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ernesto H, Molina, Jr., M. Jocelyn Wright, Esq., James E. Grimes, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

Crizaldy Calimlim and his family petition for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion pursuant to 8 C.F.R. § 3.1(a)(7)(iii) (2002) of an Immigration Judge's (IJ) denial of their applications for asylum and withholding of deportation. Mr. Calimlim, the lead petitioner, is a native and citizen of the Philippines. The claims of Mr. Calimlim's wife and daughter are derivative of his application. Mr. Calimlim also appeals the IJ's denial of his request for voluntary departure. Because the BIA did not perform an independent review, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

The IJ's adverse credibility determination regarding Mr. Calimlim's claims of ignorance with respect to the involvement of the New People's Army (NPA) in killings, kidnapings, and other criminal ac-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tivity was based on specific and cogent reasons: Mr. Calimlim's conflicting testimony about his knowledge of NPA killings when he joined the group in 1993, and the implausibility of his contention that, throughout his three years with the NPA, he had neither knowledge nor suspicion of NPA killings despite his admission that he read newspaper stories about the killings. Because the record does not compel a finding that Mr. Calimlim was credible, we affirm the IJ's decision. *See* 8 U.S.C. § 1252(b)(4)(B); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Substantial evidence supports the IJ's decision that Mr. Calimlim is ineligible for asylum or withholding of deportation because he assisted in persecution of individuals on account of their political opinion by providing names to the NPA and by helping to raise funds for the NPA through the transportation of goods. *See* 8 U.S.C. § 1101(a)(42)(B); 8 U.S.C. § 1253(h)(2)(A) (1996); and 8 C.F.R. § 208.13(c)(2)(E).

■ The IJ decided that Mr. Calimlim was "statutorily ineligible" for voluntary departure "due to his admitted involvement in the persecution of others." As this is a transitional rules case, we retain jurisdiction to review "those elements of statutory eligibility which do not involve the exercise of discretion." *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). Contrary to the IJ's statement, former INA § 244(e), 8 U.S.C. § 1254(e) (1996), did not render aliens implicated in persecution automatically ineligible for voluntary departure. Moreover, we cannot conclude that the IJ's conclusion that Mr. Calimlim was ineligible was based on a determination that he was not a person of good moral character because of his involvement in persecution. We therefore remand for further consideration regarding whether to grant Mr. Calimlim's request for voluntary departure.

PETITION DENIED IN PART; REMANDED IN PART.